## Philadelphia Felt Co.'s Appeal.

*Eminent domain — Municipalities — Condemnation of land for park purposes—Limitation of use—Damages.*

1. A municipality, in condemning land for park purposes, has the right to limit the taking and consequent liability for damages to the use of the property in the condition in which it was found.

2. In such case, if the land is flooded by reason of a dam maintained by the owner, the municipality may declare of record that it does not seek to take any water right of the owner or to interfere with the right to maintain the dam at its existing level, and thereby relieve itself from any claim of damages on that account.

3. If, in such case, at a future time, the municipality should adopt a course constituting a violation of the rights of defendant as a lower riparian owner, the law affords an adequate and appropriate remedy.

Argued May 15, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 168, Jan. T., 1928, by Philadelphia Felt Company, from order of C. P. No. 4, Phila. Co., Dec. T., 1923, No. 4503, dismissing exceptions to report of board of viewers, in matter of Appropriation for Public Pur-

poses of a certain Tract of Land adjoining Tacony Creek Park. Affirmed.

Exceptions to report of board of viewers. Before Mc-CULLEN, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Philadelphia Felt Co., owner, appealed.

*Error assigned,* inter alia, was order, quoting record.

*William N. Trinkle,* of *Bell, Trinkle, Truscott & Bell,* with him *John H. Gossling,* of *Moore, Gossling & Panfil,* for appellant.—As a matter of law, the actual exercise or non-exercise of the public rights that were acquired in eminent domain, by the park commission for the said "public park purposes," are, on principle and authority, of no materiality, in such a case: Flagg v. Concord, 222 Mass. 569; Penna., etc., R. R. v. Paper Mills, 149 Pa. 18; Reading City v. Davis, 153 Pa. 360; Phila. v. Ward, 174 Pa. 45; Snively v. Twp., 218 Pa. 249.

The ex post facto and post litem motam "resolution" by which the legal question, as to the extent of the previous appropriation, was undertaken to be "resolved" according to a self-imposed interpretation of the commission's intent, previously otherwise evidenced, can, we submit, under well settled principles, have no legal force or effect: Ferguson v. R. R., 253 Pa. 581; Phila. v. Com., 284 Pa. 225.

The theory of both the board and the court that there was needed some act of "actual" physical "interference" with appellant's "water rights," subsequent to the appropriation under the resolution of December 12, 1923, to render the condemnation fully complete and effective, is fundamentally erroneous: Ferguson v. R. R., 253 Pa. 581; Wood v. Hospital, 164 Pa. 159.

There was an unqualified appropriation of appellant's "land" for "public park purposes," which, under well

settled principles of law, in the absence of reservation or restriction of any sort, in the formal instrument of taking, included the condemnation of appellant's previously existing right to flood and to maintain the basin of the pool of its dam and water reservoir thereon: Ferguson v. R. R., 253 Pa. 581; Penna., etc., R. R. v. Paper Mills, 149 Pa. 18; Reading City v. Davis, 153 Pa. 360; Phila. v. Ward, 174 Pa. 45; Prowattain v. Phila., 1 Sad. 437; 17 W. N. C. 261; Pa. Mut. Life Ins. Co. v. Cuyler, 283 Pa. 422, 426; Citizens Elec. Co. v. Boom Co., 270 Pa. 517.

*Theodore S. Paul,* with him *Joseph S. Conwell* and *George Wharton Pepper,* Park Solicitor, for appellee.— The fundamental distinction is between uses of upper riparian land which are normal and ordinary and those which are unusual and extraordinary: Beech v. Kuder, 15 Pa. Superior Ct. 89; Irving v. Boro., 10 Pa. Superior Ct. 132; Palmer Water Co. v. Water Co., 280 Pa. 492; Consol. W. Supply Co. v. Hospital, 66 Pa. Superior Ct. 610.

Appellees have taken the upper tract for a use which is an ordinary and normal use of riparian land: Wilson v. Scranton City, 141 Pa. 621; Lyon v. Gormley, 53 Pa. 261; Dilts v. R. R., 222 Pa. 516; Plank Road Co. v. Braden, 172 Pa. 460; Palmer Water Co. v. Water Supply Co., 280 Pa. 492.

Appellant has, as against appellees, all the rights of a lower riparian owner: Scranton Gas & Water Co. v. R. R., 240 Pa. 604; P. R. R. v. Miller, 112 Pa. 34; R. R. Co. v. Water Co., 182 Pa. 418.

Appellant has failed to show that appellees have done or threatened any act injurious to his rights: Consolidated Water Supply Co. v. Hospital, 66 Pa. Superior Ct. 610; Lehigh Coal & Nav. Co. v. Gas & Water Co., 6 Pa. Dist. R. 291.

If appellant shall hereafter suffer any damage because of acts of appellees, appellant will have its appropriate

remedy in equity or at law: Gring v. Water Co., 270 Pa. 232; P. R. R. v. Miller, 112 Pa. 34; Lehigh Coal & Nav. Co. v. Gas & Water Co., 6 Pa. Dist. R. 291; Irving v. Boro., 10 Pa. Superior Ct. 132.

OPINION BY MR. JUSTICE FRAZER, June 30, 1928:

The Philadelphia Felt Company, appellant, was owner of a tract of land containing approximately ten acres, situated in the City of Philadelphia adjoining land owned by the city and known as Tacony Creek Park. The park commissioners decided to annex to the park a portion of appellant's tract and on December 12, 1923, adopted a resolution to the effect that a part of appellant's land, described and including over four acres, was "in the opinion of the commissioners of Fairmount Park necessary for the improvement of Tacony Creek Park and is hereby appropriated for public park purposes as an addition to said park," and authorizing the park solicitor to take "necessary proceedings for the assessment of damages for the appropriation of said property." The portion so appropriated was above a dam maintained by appellant in Frankford Creek for some forty years for the purpose of providing water for use in connection with the operation of its mill, the obstruction in the creek causing the back-water to extend entirely through and beyond the property so appropriated.

A board of view was appointed to assess damages and the Felt Company claimed, as an item of damage, interference with its water rights. The park commissioners contended, however, that the appropriation did not affect appellant's water rights, because neither intent nor necessity existed for interfering with the maintenance of the dam or the water at its then existing level, and that such maintenance did not interfere with the use of the property for park purposes. Before the viewers' report was filed, the commissioners, for the purpose of having a formal record of their intent and purpose in condemning the land, adopted a further resolution, dated Feb-

ruary 9, 1927, referring to the previous resolution of December 12, 1923, and declaring that "it was not intended to take more than the land itself described in the said resolution and that neither the easement nor any overflow of water over any portion of said land, caused by the existing dam in Frankford Creek southeast of the boundary line of the land taken, nor any other water right for use or power, resulting from the construction of said dam or appurtenant to the land on which it is constructed, was appropriated to public use by the said resolution, or was intended to be affected thereby." The board of viewers found these two resolutions of the park commissioners did not have the effect of condemning the right of the Philadelphia Felt Company to maintain its dam "of the present height and the incidental easement of flooding or backing of the waters of Frankford Creek over the land condemned for park purposes," and accordingly refused to consider this portion of its claim for damages. Exceptions filed to this ruling were subsequently dismissed by the court below and this appeal followed.

We find no claim on the part of appellant that it has actually suffered damage by reason of interference with its right to maintain the dam at its present height. This situation reduces its argument to the single question whether the municipality, in condemning the land for the purposes stated, had the right to limit its taking, and consequent liability for damage, to the use of the property in the condition in which it was found and with the easement of appellant's water rights, or whether it was bound, if it appropriated the land, to pay damages on the theory of a destruction of such water rights. This question is fully answered by Wilson v. Scranton City, 141 Pa. 621. In the opinion of the court in that case it was said, in speaking of the right of the city to limit its appropriation of property to what is actually necessary to carry out its purpose, (page 630) : "It was not obliged, nor in strictness was it authorized, to take more

than was actually necessary for its purpose. The limit of the public right is the public necessity, and the residue, as it may be called, of the use of the land remains unaffected in the owner. The extent of such residue depends on the nature of the public use, and that may vary all the way from the exclusive occupation for a schoolhouse or public building to the easement of running a gas pipe underneath or a telegraph wire overhead. The city was therefore entitled to show the extent of its actual taking. This, however, could be shown only by corporate action. The city would not be bound by the opinions of experts, even of the city engineer, as to the amount of interest in the land that should be taken. That was within its own discretion, provided, of course, it did not exceed the limits of necessity for its purpose. The plaintiff was entitled to have its intention shown by action binding on the corporation, and put on the record in such form as to give him a cause of action in case the city officials should at any future time attempt to do anything in excess of their privileges actually acquired and paid for."

The principles above stated are in accord with the general rule that private property may be taken by process of eminent domain for public purposes only and to the extent required for such use; this rule applies both to the amount of property taken and extent of the interest therein. An illustration of the limitation of the amount of property taken is found in Pennsylvania Mutual Life Insurance Company v. Philadelphia, 242 Pa. 47, in which we held unconstitutional an act authorizing the City of Philadelphia to appropriate property abutting on a parkway and resell the same with suitable restrictions to protect and enhance the appearance of the parkway, while the limitation on the intent in the property taken is illustrated by cases involving the appropriation of land for railroad purposes, where it is held that the appropriation is limited to a right of way and does not include title to springs, water courses or

any other rights not essential to the servitude, and gives the landowner no right to damages therefor: Lyon v. Gormley, 53 Pa. 261; Dilts v. Plumville R. R., 222 Pa. 516.

The record discloses nothing tending to indicate that the use of the property as a public park was in any way inconsistent with the maintenance of the stream and dam in its present state. In fact it is possible the presence of the dam increased rather than diminished the desirability of the property for park purposes. However this may be, the city expressly disclaimed intention on its part to interfere with existing conditions, and there is no necessity for such interference because of the purpose of the appropriation. Had the land been taken for purposes which could not have been carried out without diminishing or eliminating the flow of water, a wholly different question would be presented. Should the city, at a future time, adopt a course constituting a violation of the rights of appellant, as lower riparian owner, the law affords an adequate and appropriate remedy.

The judgment is affirmed at costs of appellant.