## Rinehart et al. v. Pennsylvania Power and Light Co.

Erdman & Williams and George G. Shafer, for plaintiff.
William G. Wilcox and F. B. Holmes, for defendant.

SHULL, P. J., Feb. 10, 1930.—This matter comes before the court on exceptions, filed by the defendant to the report of viewers.

At the argument of the case, exceptions Nos. 1, 2, 3 and 4 were withdrawn or abandoned. The remaining exceptions, viz., Nos. 5 and 6, may be considered together.

The Act of Assembly of 1923 [June 14, P. L. 700] unquestionably gives to this defendant power to condemn less than the exclusive use and occupancy of the land within the given boundaries of a designated strip or piece of land over which transmission lines are to be maintained. They not only have the right, but are by law limited in their taking of private property to such taking as may be necessary for the purpose of carrying into effect the service they are engaged in rendering to the public; this being true, we have for consideration only the question of whether or not, by resolution passed by the corporation or by a stipulation filed after the approval of the bond in condemnation proceedings, the stipulation, in fact, being filed with the viewers at their meeting to assess damages, it is done and filed in time to limit the taking to less than the exclusive use of the land described in the condemnation proceedings.

This court, in the case of Swartz v. Pennsylvania Power and Light Co., No. 26, May Term, 1926, held that the stipulation was too late; that title had passed with the approval of the bond for the land, as in the proceedings described, and that the taking was an exclusive one. Since the filing of that opinion, the Supreme Court, in the case of Philadelphia Felt Co.'s Appeal, 293 Pa. 551, has held that a resolution defining and limiting the taking under a proceeding in condemnation filed before the viewers' report was filed was in time and might and should be considered by the viewers in assessing damages.

The case before us differs but little from the Philadelphia Felt Company's Appeal and is governed by it, and we are frank to say that a careful consideration of that case convinces us of our error in the Swartz case. While title does pass with the filing of the bond, still, by virtue of the Act of 1923, this defendant has the right to take less than the exclusive use and occupancy of lands taken for maintaining transmission lines. In fact, they are limited in their taking to what may be reasonably necessary for carrying out that purpose for which the corporation exists, and there is no warrant under the law for taking more. Consequently, a description of the extent of the use and the taking at some stage of the proceeding is necessary, and while we feel that the proper and logical time to file such stipulation is at the very inception of the proceeding, that the owner may know what is demanded and that the court as well may be guided in passing upon the sufficiency of the bond, still, as evidence material to determining the amount of damage, anything that goes to the question of the use and occupancy by the condemning corporation is relevant at any stage of the proceeding before the viewers up to the time of the filing of their report.

As we have said, the statute clothing such corporations with the right of condemnation gives them no right to take private property in an amount or to an extent greater than is reasonably necessary to carry out the purpose or purposes for which they exist, and no stronger evidence could be offered to reduce a taking from one of absolute and exclusive use to a less use than the written declaration of the takers, filed in the condemnation proceedings, by which such party would be bound and which would leave open to the owner of the property his remedy for any greater use or taking of property at a subsequent time.

And now, Feb. 10, 1930, the 5th and 6th exceptions to the report of viewers are sustained and the report of viewers is set aside.

From C. C. Shull, Stroudsburg, Pa.