Short, et al. *v.* Commonwealth.

Argued February 24, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John W. Mamula,* for appellants.

*Andrew L. Weil,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, March 29, 1972:

This is an appeal from a decree below dismissing exceptions to a report of viewers and from judgment entered on the report. The exceptions raised a legal question fundamental to the inquiry. *See Lakewood Memorial Gardens Appeal,* 381 Pa. 46, 112 A. 2d 135 (1955).

The appellants are the owners of residential properties abutting a state highway. Their lots are at a higher elevation than the roadway. The Commonwealth, acting by its Department of Highways, desiring to widen the paved cartway, appropriated a strip of land from each of the appellants' lots varying from 15 to 25 feet in width. No substantial change of grade was effected. The berm as well as the cartway of the old road was widened and new slopes formed within the strips of frontage taken from the appellants' lots.

Section 210 of the State Highway Law, Act of June 1, 1945, P. L. 1242, as amended, 36 P.S. §670-210, provides that the approval of highway plans by the Governor ". . . shall be considered to be the condemnation of an easement for highway purposes from all property within the lines marked as required for right of way and the condemnation of an easement . . . of support or protection from all property within the lines marked as required for slopes." In the instant case the plans showed only lines marked as required for right of way. No lines marked as required for slopes appeared thereon and, as noted, the slopes required for support and protection were constructed within the required right of way. Hence, the Commonwealth condemned and was obliged to compensate the appellants for an easement for highway purposes for the land taken to the limit of the required right of way line.

The appellants contended unsuccessfully below and repeat here that they should be compensated now not only for the land taken but also for such additional land as may in the future be necessary for support and protection *if* the Commonwealth should, as under the instant taking it may, widen the cartway to the full limit of the required right of way line and *if* in so doing it fails to provide support and protection to their property by the construction of a wall. While this state-

ment of appellants' contention is, we believe, an accurate paraphrase, their argument is so extraordinary that we are impelled to quote from their brief. It states:

"Since neither the condemnation plan or viewers plan show any area taken for slope easement, we must conclude that 'all the property within the lines marked as required for right-of-way' was a taking of an easement for highway purposes. . . .

. . . .

"The designation 'required right of way' on the condemnation plan gives the Commonwealth of Pennsylvania an immediate right to construct the highway to its fully ordained or designated width. . . .

. . . .

"If the only taking is for 'right of way' then the utilization of the entire width of such right of way for highway purposes must of necessity include an additional taking to support the highway, in the absence of a present showing of an intention to construct a wall.

. . . .

"Since there is nothing to prevent the Commonwealth from fully exercising its rights in the land condemned for highway purposes, then all the damages from such use and enjoyment which are foreseeable, must be compensated for at the time of the original condemnation.

. . . .

"All damages that are foreseeable must be recovered in the instant proceedings since any damage sustained by the plaintiffs at some future date will be denied since they should have been presented at the time of the original trial. It is definitely foreseeable that the widening of the pavement to the required right of way line will naturally result in damages to their properties. In the absence of a showing of a *present* intention to construct a wall within the required right of way line,

damages for the area outside the right of way necessary to support the highway is presently due and owing as just compensation to the plaintiffs. If they fail to receive at the present time the compensation due them for the slope area required to protect the highway, they will never collect it."

It is true that the Commonwealth may use all of the land taken for its cartway. It is true that if it does so it may provide a wall for support and protection. It is not, however, true that if, instead of constructing a wall, it chooses to take additional land for slope easements, the appellants will not be compensated. And it is not true that, if without taking additional land, the Commonwealth should by its activities within the required right of way cause injury to appellants' surface support, it would be free from liability.

The appellants seek damages now for slopes the Commonwealth may in the future construct on land not now taken. Obviously the Commonwealth is not required to compensate appellants for property not acquired, even were the prospects of such acquisition clearer than they are here. In *Cavalier Appeal,* 408 Pa. 295, 183 A. 2d 547 (1962), the Commonwealth had condemned an easement for right of way in which they constructed a bridge only the pillars of which occupied the surface of the land. The condemnee contended that the Commonwealth had condemned a right of way over their entire property underlying the bridge. The Supreme Court held that the condemnation, except for the pillars, was of aerial rights only and that not only was the surface not taken but that the owners retained the unrestricted right to its use. The following from Mr. Justice COHEN's opinion provides a complete answer to this aspect of appellants' case:

"To require a condemning authority to acquire property interests not needed in its project and to pay the

property owner therefore when he has the undiminished use of his property, is to subject the condemnor to prohibitive costs and to permit the landowner to obtain a windfall. . . .

. . . .

"It should be noted that the above holding in no way limits the right of appellants to seek additional compensation should the Commonwealth interfere with the fee interest which they hold in the property and for which they have not been compensated by imposing any additional restrictions on their use of the land. . . . Having condemned a particular interest in property, the Commonwealth cannot extend it without paying additional compensation to the property owner. The law, therefore, affords appellants an adequate remedy should the Commonwealth attempt to widen its interest beyond that for which it had originally compensated them." 408 Pa. at 300, 301, 183 A. 2d at 549, 550.

Appellants further declare that should the Commonwealth remove the present slopes within the right of way causing injury to the surface support of their lots and dwelling houses they would be denied damages on the principle that all injuries occasioned by or foreseeably resulting from a condemnation must be compensated for at the time of the taking. The practical answer to this contention is that it is not at all foreseeable that the Commonwealth will remove the present slope or that if it does so it will not provide other support for appellants' property. The legal answer is that Section 612 of The Eminent Domain Code, Act of June 22, 1964, P. L. 84, 26 P.S. §1-612, assures damages if this should occur: "All condemnors, including the Commonwealth of Pennsylvania, shall be liable for damages to property abutting the area of an improvement resulting from . . . injury to surface support, whether or not any property is taken." *Holmes Petition,* 184 Pa. Supe-

rior Ct. 105, 132 A. 2d 918 (1957), chiefly relied on by appellants, does not support their argument. There the subsidence occurred in the course of the construction done pursuant to the condemnation for which damages had been awarded, not as the consequence of later improvements within the right of way. Judge ERVIN, who there dissented and would have allowed a second jury of view to assess the damages for the slide, claimed as support for his dissent the principle that the jury was not permitted to consider claims for consequential damages which had not and might not ever occur. The facts of *Holmes* are not entirely clear. If the slide which caused the injuries was not, as Judge ERVIN suggests, in the contemplation of the jury, the decision represents bad law because the condemnor was a municipal subdivision answerable for consequential damages. In any event, Section 612 ensures relief if appellants' properties are injured by the subsequent removal of their surface support.

Affirmed.