Dewey Lee Curtis *v.* Redevelopment Authority of the City of Philadelphia, William D. Glockner and Winifred M. Glockner. Dewey Lee Curtis, Appellant.

Dewey Lee Curtis *v.* Redevelopment Authority of the City of Philadelphia, William D. Glockner and Winifred M. Glockner. Redevelopment Authority of the City of Philadelphia, Appellant.

Argued October 8, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Arnold H. Rosenberg*, with him *David R. Rosenfeld*, and *Charen, Palitz and Rosenberg*, for Curtis.

*David S. Winston*, Solicitor, with him *Peter A. Galante*, General Counsel, for Redevelopment Authority of the City of Philadelphia.

*Samuel Rappaport*, with him *Rappaport & Furman*, for Glockner.

OPINION BY JUDGE MENCER, December 7, 1976:

This case arises on cross appeals brought by the Redevelopment Authority of the City of Philadelphia (Authority) and William D. and Winifred M. Glockner on one side and Dewey Lee Curtis on the other. Curtis commenced this action by bringing a suit in equity against the Glockners and the Authority, seeking to have the Glockners' deed to property located at 220 Delancey Street reformed to reflect the reservation of an easement in favor of Curtis' property over an alleyway 3 feet wide running from the Curtis property over the Glockner property to Delancey Street. The Glockners received their title from the Authority

which had condemned the previous owner's interest. The Court of Common Pleas of Philadelphia County granted Curtis' request by a decree nisi dated January 30, 1974. Exceptions were filed to this decree by the Glockners and the Authority. On December 30, 1975, the court en banc sustained the exceptions in part and denied them in part. The final order granted Curtis leave to file a petition for viewers nunc pro tunc and tolled the statute of limitations but reversed the trial court's decree requiring reformation of the Glockner deed.

From this order Curtis appeals, alleging, in effect, that his proper remedy is the return of his easement rights rather than fair compensation for his interest. The Authority has appealed, asserting that Curtis' rights were extinguished when the Authority condemned the property and that his failure to take timely action to protect his rights has left him with no remedy.

The parties had entered into a stipulation of facts below which reveals the following chronology. On October 28, 1960, Curtis took title to property known as 229 Pine Street in Philadelphia. The deed included an express easement over the alley in question here, "leading into Delancey Street as and for way [sic] passageway and water course at all times hereafter forever." This easement was created by deed in 1843.

On June 21, 1961, an ordinance of the City Council of Philadelphia approved the Authority's urban renewal plan including the area covered by what is now the Glockner property. The Authority, by resolution dated December 7, 1962, authorized acquisition of the property. On December 10, 1962, condemnation proceedings were begun by a petition for a rule to show cause why the Authority should not have leave to post bond for condemnation damages. On December 26, 1962, the Authority was permitted to post bond.

Throughout the proceedings the parcel of land containing the Glockner property, including the alley, was described by metes and bounds and denominated as part of "Parcel 8" which was to be condemned. No mention was made of an easement.

The basis of Curtis' complaint was that he was denied due process and equal protection of the law because he was not given actual notice that his easement was to be condemned. The Authority concedes that it did not seek to notify easement holders directly. Curtis did not occupy the erstwhile dominant tenement at that time and stated that he was unaware of the condemnation until 1970. The court en banc, by adopting the findings of fact and certain conclusions of law in the trial court's opinion, agreed that Curtis had been deprived of due process but specifically refused to conclude that the Authority had acquired less than an absolute fee simple title which it transferred to the Glockners. By refusing to adopt conclusion 12 of the trial court, the court en banc, by implication, concluded that Curtis' easement had been extinguished by the condemnation.

In equity matters, our scope of review is limited; the chancellor's findings confirmed by the court en banc are binding on appeal if supported by substantial evidence. *Piercing Pagoda, Inc. v. Hoffner*, 465 Pa. 500, 351 A.2d 207 (1976). However, we may review the conclusions derived from the findings for errors of law. *Pruner Estate*, 400 Pa. 629, 162 A.2d 626 (1960). The chancellor's conclusions 5, 6, and 7 adopted by the court en banc comprise the heart of the matter before us. The chancellor concluded that Curtis was denied his constitutional right to be heard and hence denied due process of law because he was not notified of the condemnation. Further, he concluded that there had been no effective condemnation of Curtis' easement. We cannot agree.

The cases cited by Curtis in support of his appeal arise mainly from petitions by landowners for a board of view which are met by a defense based on the statute of limitations.[1] Plaintiffs in those cases did not seek to have their deeds reformed or title reinstated. We can find no authority for the proposition that Curtis is entitled to have the Glockner deed reformed to reflect his easement. On the contrary, the relevant judicial authorities, as well as the statutory law, state that in a condemnation by a political subdivision a full fee simple is taken unless the condemnor expressly states that it is taking less. *Starkey v. Philadelphia*, 397 Pa. 512, 156 A.2d 101 (1959); Act of April 14, 1949, P.L. 442, §1, 26 P.S. §201. We find, therefore, that Curtis was not entitled to retain his easement and his appeal must be dismissed.[2]

## Notice

Under the law as it existed at the time of the condemnation of "Parcel 8," no statutorily defined form of notice to condemnees was required.[3] Therefore, general concepts of due process must guide us. In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), the United States Supreme Court held

---

[1] *See, e.g., Schroeder v. New York*, 371 U.S. 208 (1962); *Strong Appeal*, 400 Pa. 51, 161 A.2d 380 (1960); *Angle v. Commonwealth*, 396 Pa. 514, 153 A.2d 912 (1959).

[2] Curtis relies heavily on *Pocono Pines Corp. v. Commonwealth of Pennsylvania*, 10 Pa. Commonwealth Ct. 466, 310 A.2d 719 (1973), for his right to such relief. We note, however, that the holding in *Pocono Pines* arose in a different context and was subsequently vacated by the Pennsylvania Supreme Court for lack of jurisdiction for failing to join an indispensable party. *Pocono Pines Corp. v. Pennsylvania Game Commission*, 464 Pa. 17, 345 A.2d 709 (1975). As such, *Pocono Pines* is not precedential.

[3] *See* Comment to Section 405 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-405; *also* E. Snitzer, *Pennsylvania Eminent Domain* §405-1 (1965).

that, in order for notice to comply with due process, it must be reasonably calculated *under all the circumstances* to apprise interested parties of the pendency of the action and afford them an opportunity to be heard. In the context of eminent domain, the Supreme Court in *Schroeder v. New York, supra* note 1, held that a landowner, whose name and address were on the tax rolls and easily ascertainable, was denied due process when newspaper notices and postings which did not contain her name were the only forms of notice given. The Supreme Court stated: "We hold that the newspaper publications and posted notices in the circumstances of this case did not measure up to the quality of notice which the Due Process Clause of the Fourteenth Amendment requires." 371 U.S. at 211.

Likewise, in *Angle v. Commonwealth, supra* note 1, the Pennsylvania Supreme Court held that the mere filing of highway plans in Harrisburg did not constitute notice to the landowners when the ultimate width of the highway appeared only from pencilled lines on the plan filed some 32 years before the actual widening. *Strong Appeal, supra* note 1, and *Pagni v. Commonwealth,* 179 Pa. Superior Ct. 213, 116 A.2d 294 (1955), on which Curtis relies, also deal with whether the filing of highway plans is constructive notice to landowners of a taking.

The case at bar is quite different; the Authority and the City of Philadelphia at all stages observed the proper procedure with adequate publicity. Unlike the highway department in *Angle,* the Authority's work proceeded with little delay. Had Curtis inspected his property and the surrounding area, he surely would have observed the postings and other activity. In addition, we note that there is no showing on this record that the existence of Curtis' easement was readily or easily ascertainable through the *servient* tenement's chain of title. In short, while it is conceded that Cur-

tis' name was readily ascertainable as the owner of 229 Pine Street, the fact of a discoverable connection, if any, between 229 Pine Street and 220 Delancey Street is not obvious from this record. It was not unreasonable for the Authority to rely on constructive notice in this situation.

Therefore, we hold that under the facts and circumstances appearing in this case Curtis should have had constructive notice of the taking in 1962. His failure to make a timely petition for damages within the 6-year limitations period places him out of court.

Order reversed and complaint dismissed.

## ORDER

Now, this 7th day of December, 1976, the appeal of Dewey Lee Curtis at No. 140 C.D. 1976 is denied, the appeal of the Redevelopment Authority of the City of Philadelphia at No. 2 T.D. 1976 is sustained, the order of the Court of Common Pleas of Philadelphia County sitting en banc is reversed, and the complaint in equity filed by Dewey Lee Curtis is dismissed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent.

There is no question on this record that appurtenant to the plaintiff's property at 229 Pine Street, Philadelphia, was an easement of a 3 foot wide alley located on premises 220 Delancey Street. The appellees, William D. Glockner and Winifred M. Glockner, who acquired 220 Delancey Street from the Redevelopment Authority, declare in their brief that "the alley in question has been an anomaly for some years"; that "because of the design of the house . . . the legal reopening of the alleyway will destroy it"; and that "[i]n Society Hill, one of the prime purposes of condemnation was to eliminate all such alleys and courts, of which there were a great number."

The Redevelopment Authority, appellee and cross-appellant, throughout its brief, refers to the easement before condemnation as "a property interest" of the owner of 229 Pine Street, the plaintiff below, Dewey Lee Curtis. Further, at the hearing below, Mr. Curtis described the alley and the use made of it by him after he bought 229 Pine Street in 1960.

While the alley is referred to in Curtis's deed for 229 Pine Street as an appurtenance but does not appear as a servitude in some prior conveyances of 220 Delancey Street, the parties agree that it was created by a deed, not otherwise described, in 1843. It is a fair inference from the language describing the easement in the chain of Curtis's title that the easement was created by a common owner in 1823. Surely a search of the title of the servient 220 Delancey Street property would have unearthed the easement so created in that chain of title. Since the easement was visible on the ground and was indeed one of two alleyways appurtenant to the property at 229 Pine Street, such a search should surely have been made by the Redevelopment Authority, and probably was.

However, the record demonstrates that it would have made no difference whether the existence of the easement was or was not ascertained by a search of the title to 220 Delancey Street. Edward L. Snitzer, Esquire, a distinguished authority on the law of eminent domain, who was an attorney in the legal division of the Redevelopment Authority from 1958 until 1965, testified that the Authority in its Society Hill project gave notice of condemnation only to owners and tenants of condemned properties and gave no notice to the owners of other interests, including easements. The reason the Authority did not give notice to the persons having interests other than as owners and tenants was that the administrative burden of mass condemnations in the Society Hill development

was too great without this further effort. A fair inference from this evidence is that the Redevelopment Authority took a calculated risk of having to pay future claims of persons having property interests in condemned properties, such as easements.

Since the premises 220 Delancey Street was condemned and a fee simple taken, Mr. Curtis's easement went with it and the Glockners' property is no longer servient. I agree with the court below and the majority of this Court on this point. *See Restatement of Property* §507.

I agree with the lower court, and depart from the majority here, with respect to the former's holding that the easement appurtenant to 229 Pine Street was taken without due process of law for failure to give Mr. Curtis notice that his property interest in 220 Delancey Street was taken by the condemnation. The evidence amply supports Judge BELOFF's findings of fact, upheld by Judges CHALFIN and FORER sitting en banc, that ''the . . . Redevelopment Authority gave no notice and the plaintiff received no notice [of the condemnation] although the plaintiff was a party interested in his easement rights''; that the ''Redevelopment Authority . . . knew or had reason to know of the existence of plaintiff's easement rights''; that the ''Authority, as a matter of policy, refused to and did not give notice to easement holders''; and that ''the plaintiff first had actual knowledge that his access to the alley . . . was barred in the spring of 1970.'' The proper remedy is that provided to the plaintiff by the court below en banc, the opportunity to seek damages from the Redevelopment Authority when he learned of the taking of his easement. *See Angle v. Commonwealth,* 396 Pa. 514, 153 A.2d 912 (1959).

I would affirm the order of the court below.