**TOWNSHIP OF CORNPLANTER,**
**Condemnor, Appellant,**

**v.**

**Steven M. McGREGOR and Becky**
**McGregor, Condemnees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1999.
Decided Feb. 4, 2000.

John E. McFate, Oil City, for appellant.

Henry W. Gent, Jr., Franklin, for appellees.

Before McGINLEY, J., KELLEY, J., and JIULIANTE, Senior Judge.

KELLEY, Judge.

The Township of Cornplanter (Township) appeals from the order of the Court of Common Pleas of Venango County (trial court) sustaining in part and overruling in part the preliminary objections of Steven M. McGregor and Becky McGregor (Landowners) to the Declaration of Taking filed by the Township. We reverse.

Landowners own a 9.485–acre parcel of land in the Township. Landowners purchased the parcel on January 10, 1997. On November 17, 1997, the Township enacted an ordinance to appropriate an easement over a portion of Landowners' property. The ordinance was enacted to acquire an easement 20 feet in width for a water line to transport water across the property for the public's use. On December 19, 1997,

the Township filed a Declaration of Taking to acquire the easement pursuant to the provisions of the Eminent Domain Code.[1]

On January 30, 1998, Landowners filed preliminary objections to the Township's Declaration of Taking. Landowners alleged, *inter alia,* that the Township could not condemn an easement but, pursuant to section 3404 of the Second Class Township Code [2], was required to acquire the property in fee simple and pay just compensation therefor. Landowners also alleged that the condemnation of 20 feet was excessive for the installation of the water line.

After a hearing on the objections, on December 29, 1998, the trial court issued an order sustaining in part and overruling in part Landowners' preliminary objections. The trial court overruled Landowners' preliminary objection that the taking by the Township was excessive. The trial court sustained Landowners' preliminary objection that the Township was precluded from acquiring an easement over Landowners' property through eminent domain proceedings. The trial court determined that section 3404 of the Second Class Township Code required the Township to acquire a fee simple interest in the condemned tract of land. The Township then filed the instant appeal in this Court.

The sole claim raised by the Township in this appeal is that the trial court erred in determining that it was required, in these eminent domain proceedings, to acquire Landowners' property in fee simple pursuant section 3404 of the Second Class Township Code.

■ Where a trial court has either sustained or overruled preliminary objections to a Declaration of Taking, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *In re Condemnation Proceeding by Township of Lower Macungie; Erie Municipal Airport Authority v. Agostini,* 127 Pa.Cmwlth. 360, 561 A.2d 1281 (1989), *petitions for allowance of appeal denied,* 525 Pa. 586, 588, 575 A.2d 116, 118 (1990).

As noted above, section 3404 of the Second Class Township Code provides, in pertinent part, that "[w]hen land or property is taken under eminent domain proceedings, other than for road purposes, . . . the title obtained by the township is in fee simple. . . ." In this case, the trial court determined that although the Township purported to condemn only a 20-foot easement across Landowners' property under the ordinance, the provisions of section 3404 required the Township to condemn the 20-foot tract in fee simple. We do not agree.

■ Article 1, Section 10 of the Pennsylvania Constitution provides, in pertinent part, "[n]or shall private property be taken

1. In the Declaration of Taking, the Township alleged that it was condemning Landowners' property pursuant to the powers conferred under the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101–1–903. However, it is well settled that the Eminent Domain Code does not confer or limit the authority to condemn. Rather, the Eminent Domain Code is intended to provide a complete and exclusive procedure and law to govern all condemnations of property for public purposes. *See* Section 303 of the Eminent Domain Code, 26 P.S. § 1–303; *In re Condemnation Proceeding by the Township of Lower Macungie,* 717 A.2d 1105 (Pa.Cmwlth.1998), *petition for allowance of appeal denied,* 558 Pa. 643, 738 A.2d 458 (1999); *Olson v. Whitpain Township,* 141 Pa. Cmwlth. 270, 595 A.2d 706 (1991). Thus, in condemning a portion of Landowners' property, the Township was acting pursuant to the condemnation powers conferred by the relevant provisions of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65101–68701.

2. Section 3404 of the Second Class Township Code provides:

When land or property is taken under eminent domain proceedings, other than for road purposes, or is acquired by gift, purchase or otherwise, the title obtained by the township is in fee simple. In particular instances, a different title may by agreement be acquired.

53 P.S. § 68404.

or applied to public use, without authority of law and without just compensation being first made or secured." PA. CONST. art. I, § 10. Based on this constitutional mandate, it is well settled that private property may be taken for public purposes only in such an amount and to such an extent as these purposes reasonably require. *Bachner v. City of Pittsburgh*, 339 Pa. 535, 15 A.2d 363 (1940); *Philadelphia Felt Company's Appeal*, 293 Pa. 551, 143 A. 208 (1928); *Pennsylvania Mutual Life Insurance Company v. Philadelphia*, 242 Pa. 47, 88 A. 904 (1913); *Wilson v. City of Scranton*, 141 Pa. 621, 21 A. 779 (1891); *Commonwealth v. Renick*, 21 Pa.Cmwlth. 30, 342 A.2d 824 (1975).

▬▬ Indeed, as this Court has previously stated:

> [I]nasmuch as property cannot constitutionally taken by eminent domain except for public use, no more property may be taken than the public use requires—a rule which applies both to the amount of property and the estate or interest to be acquired.

*Id.*, 342 A.2d at 827. *See also Westrick v. Approval of Bond of the Peoples Natural Gas Company*, 103 Pa.Cmwlth. 578, 520 A.2d 963, 965 (1987) ("A power to acquire land is the power to acquire an interest that is not greater than is necessary to carry out the public purpose of the body on which such power is conferred."). Thus, a condemnor may limit its appropriation of private property to what is actually necessary to carry out its purposes, or bind itself to a specified plan of construction or specified use of the appropriated property, and is entitled to have the damages assessed on that basis. *Bachner*.[3]

In this case, the Township filed a Declaration of Taking in which it sought to condemn a 20-foot easement across Landowners' property for water line purposes. This Declaration of Taking was filed pursuant to a duly enacted ordinance of the Township, which was enacted to acquire the easement for the transportation of water across Landowners' property for the use of the public. Thus, the Township neither sought nor needed a fee simple interest in the condemned 20-foot tract of Landowners' property in order to effectuate this public purpose.

▬▬ Based on the foregoing it is clear that, in order to comport with the mandate of Article 1, Section 10 of the Pennsylvania Constitution, the Township cannot be compelled to acquire a greater interest in the Landowners' property than is necessary to effectuate the public purpose of the condemnation. Therefore, the trial court erred in interpreting the provisions of section 3404 of the Second Class Township Code as requiring the Township to condemn more of an interest than the public use required.[4]

Accordingly, the order of the trial court is reversed.

---

**3.** Although we have not found any appellate court opinions interpreting the provisions of section 3404 of the Second Class Township Code, a similar statutory provision is found in section 1 of the Act of April 14, 1949, P.L. 442, which states, in pertinent part:

> When any political subdivision of this Commonwealth shall hereafter, in the exercise of the power of eminent domain, acquire by appropriation and condemnation any real estate, the title thereto shall vest in such ... political subdivision shall be a title in fee simple, unless prohibited in the ordinance or resolution authorizing the appropriation and condemnation thereof.

26 P.S. § 201. This section has been interpreted as providing that in a condemnation proceeding, a political subdivision acquires a full fee simple estate in the condemned property unless the condemnor expressly states that it is taking a lesser estate. *See, e.g., Starkey v. Philadelphia*, 397 Pa. 512, 156 A.2d 101 (1959); *Curtis v. Redevelopment Authority of the City of Philadelphia*, 27 Pa.Cmwlth. 360, 367 A.2d 401 (1976), *rev'd on other grounds*, 482 Pa. 58, 393 A.2d 377 (1978).

**4.** Because no constitutional challenge to the provisions of section 3404 of the Second Class Township Code was raised in this appeal, the foregoing conclusion should not be construed as a comment on the constitutionality of this section.

## *ORDER*

AND NOW, this 4th day of February, 2000, the order of the Court of Common Pleas of Venango County, dated December 27, 1998 at CIV No. 1936–1997, is reversed.