## Truitt, Appellant, *v.* Borough of Ambridge Water Authority.

Argued May 29, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Robert L. Orr*, with him *Reed, Ewing, Orr & Reed*, for appellants.

*Eugene A. Caputo*, for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, June 28, 1957:

This appeal presents an inquiry into the necessity for taking the quantum of land which a Water Authority condemned for reservoir purposes.

Appellants, the owners of a 189 acre tract of land in Beaver County, over a period of several years had been engaged in negotiations with appellee (hereinafter called the Authority) concerning the sale of a *portion* of their tract of land to the Authority. During these negotiations the Authority sought to purchase 140 acres of appellants' tract. When negotiations for the purchase of these 140 acres failed to accomplish their

purpose the Authority instituted eminent domain proceedings to acquire the *entire* tract.

Appellants then filed a complaint in equity for the purpose of restraining the Authority from acquiring the *entire* tract. The basis of appellants' complaint was that the extent of land sought to be acquired was far in excess of the Authority's requirements for the construction and maintenance of a water reservoir and that the proposed taking by the Authority constituted an abuse of its discretion and was arbitrary and capricious in nature. The Authority filed an answer averring that the *entire* tract was necessary for the proper construction, maintenance and operation of an impounding reservoir and denying that its action constituted an abuse of discretion or was arbitrary or capricious. After a hearing, the court below dismissed appellants' equity action. Exceptions filed thereto were later dismissed and this appeal ensued.

The power and right of the Authority to condemn land for appropriate purposes of operation of the Authority is not only well established but admitted in this proceeding. Such power and right finds its source in the Municipal Authorities Act of May 2, 1945, P. L. 382, §11, as amended, (53 PS §2900z-12) which provides: "The Authority shall have the power to acquire, by purchase or eminent domain proceedings, either the fee or such right, title, interest or easement in such lands, water and water rights as the Authority may deem necessary for any of the purposes mentioned in this act: . . .".[1] The purpose of the instant acquisition—land upon which an impounding reservoir is to be located—is within the purview of the Act: Municipality Authorities Act of 1945, supra, (53 PS §2900z-5).

---

[1] *Cochran Coal Company v. Municipal Management Company*, 380 Pa. 397, 400, 401, 110 A. 2d 345.

The statute vests in the Authority the discretion to determine the extent—i.e. "how much"—land is to be acquired. The sole limitation on the exercise of this power by the Authority is that it may not appropriate a greater amount of property than is reasonably required for the contemplated purpose: *Wilson v. City of Scranton*, 141 Pa. 621, 630, 21 A. 779; *Pennsylvania Mutual Life Ins. Co. v. Philadelphia*, 242 Pa. 47, 88 A. 904; *Philadelphia Felt Co.'s Appeal*, 293 Pa. 551, 555, 556, 143 A. 208. While the power to acquire under the statute is not limited to such land as is *presently* necessary, but also includes such land as may be necessary *in futuro*, yet an acquisition for a future necessity is permissible only to the extent that such land may become necessary in good faith for future use within a reasonable time: *Palmer Water Co. v. Lehighton Water Supply Co.*, 280 Pa. 492, 124 A. 747; *Fayette County Commissioners' Petition*, 289 Pa. 200, 137 A. 237; *Oliver v. Clairton*, 374 Pa. 333, 98 A. 2d 47.

Since the quantum of land to be acquired is, within reasonable limitations, a matter within the Authority's discretion, the Authority's decision is judicially reviewable only to determine whether fraud, bad faith or an abuse of discretion exists: *U. S. v. Meyer*, 113 F. 2d 387, cert. den. 311 U. S. 706, 85 L. Ed. 459, 61 S. Ct. 174. Appellants neither allege nor rely upon fraud or bad faith; they simply contend that, in the acquisition of this *entire* tract, the Authority abused its discretion.

An examination of the record indicates that the Authority intends to construct and maintain an impounding reservoir for the storage of water for supplying the needs of the Authority and its consumers in the Ambridge area. This reservoir is to be located in the Service Creek area in Raccoon and Independence Townships in Beaver County. In fulfillment of that purpose the Authority has been acquiring land in that area and

the Authority, by eminent domain proceedings, sought to acquire appellants' entire farm. Under the Authority's plan the center of appellants' land (approximately 61 acres) will be occupied by a portion of the reservoir itself and the northern and southern portions of appellants' land (approximately 128 acres) would serve as a protective area for the reservoir.

We must bear in mind that in acquiring land for the purpose of an impounding reservoir for the storage of water for human consumption something more is needed than the absolute control of the water basin up to the maximum flood water stage. Throughout the entire watershed surface water will drain and find its way into the actual area of the reservoir. It is common knowledge that surface water carries with it many impurities and waste matter, even sewage in some instances; such deleterious matter if carried into the reservoir and the water supply may well become a menace to the health and well-being of the water consumers. Any supplier of water must keep a strict and vigilant watch not only over the reservoir itself but also over the avenues of approach thereto from the watershed for the purpose of reducing to a minimum the dangers that arise from the intake of surface water coming down from the watershed. To this end a careful supplier of water will acquire land necessary not only for the actual impounding of the water but also for a protective area for the water thus impounded. The provision of such a protective area will insure, so far as possible, the purity of the water destined for human needs.

The learned court below found as a fact that the acquisition of the *entire* 189 acre tract was "necessary for the purpose of minimizing the danger of pollution of the water in the impounding dam reservoir . . .", "for the purpose of minimizing the danger of destruc-

tion of the effectiveness and purposes of an impounding dam reservoir from uncontrolled usage of the surrounding lands which may erode and silt the reservoir", and "for the purpose of minimizing pollution from lands surrounding the impounding dam reservoir by algae growth which adversely affects the quality of the water supply". The court found as a further fact that appellants had failed to produce any testimony that condemnation of the entire tract was not necessary for the accomplishment of the Authority's purpose.

A careful examination of the instant record fails to reveal any basis upon which the Authority could be charged with an abuse of its discretion. Appellants argue that because in the course of negotiations the Authority desired to acquire only 140 acres rather than 189 acres, such fact indicates that the Authority did not need the entire tract; such a conclusion is a non sequitur and provides no basis for an inference that the whole tract is not presently necessary for the purpose for which it was condemned. Appellants' contention that since the Authority failed to acquire certain other lands in the immediate neighborhood its action in condemning appellants' farm was oppressive and arbitrary has been fully answered by the court below: ". . . failure of the Authority to acquire those properties [other lands near the reservoir] at the present time by reason of lack of funds, or any other reason, does not deprive the Authority of the right to acquire the property of the plaintiffs for the purpose of minimizing pollution by silt, algae or erosion." An engineer called by appellants admitted that to insure full protection from contamination of the water supply would require taking of the entire area.

In *Lazrow v. Philadelphia Housing Authority*, 375 Pa. 586, 101 A. 2d 664, an equity action to enjoin the Philadelphia Housing Authority from proceeding with

condemnation of a certain tract of land for a low rent public housing project, we held that, in the absence of evidence that the Housing Authority acted arbitrarily or capriciously, its selection of a particular site was not subject to review by this Court.

*Winger v. Aires*, 371 Pa. 242, 89 A. 2d 521, does not aid appellants' position. In the *Winger* case the evidence failed to indicate that the entire tract of land condemned by the school board was required for the purpose and our ruling that the school board had taken an excessive amount of land was based upon an entirely different factual situation than herein presented.

The court below concluded as a matter of law that the appellants had failed to prove a lack of necessity for the Authority's condemnation of appellants' entire tract of land, that appellants had shown no abuse of discretion on the Authority's part and that the Authority had shown that it was necessary to acquire appellants' entire tract. Such conclusions of law are supported by ample and sufficient evidence. The instant record indicates no abuse of discretion on the part of the Authority and the lower court correctly and properly dismissed appellants' equity action.

Decree affirmed. Costs to be paid by appellants.