## Yorkana Borough Condemnation Case

*W. Burg Anstine,* for condemnor.
*Donald L. Reihart,* for condemnee.

ATKINS, P. J., April 27, 1970.—On December 10, 1968, the Borough of Yorkana, York County, Pa., filed a declaration of taking purporting to condemn a strip of land 20 feet wide across the northwest side, and a strip eight feet wide of the condemnee's land, "to provide adequate access to a pool of water desired and maintained by the Borough in order to provide adequate water for fire prevention and control."

The condemnee has filed preliminary objections to the condemnation alleging:

"1. The said premises have not been in fact, appropriated for a public purpose and the said borough is, therefore, without power, authority and right to appropriate the lands of the said William F. Furst and Fanny M. Furst.

"2. The action of the Borough of Yorkana in filing the Declaration of Taking pursuant to an Ordinance of December 9, 1968 when considered with the purpose and area appropriated constitutes an abuse of discretion. The same being capricious, arbitrary and fraudulent.

"3. The Declaration of Taking does not specifically refer to the statute, article and section under which the purported condemnation is authorized.

"4. The Declaration of Taking does not specifically refer to the place where the record of the Borough of Yorkana authorizing the Declaration of Taking is located and may be examined.

"5. The Declaration of Taking fails to make a statement that there is a need for the purported condemnation.

"6. The procedure utilized by the said Borough of Yorkana is not in accordance with that prescribed by law and objection is made to the sufficiency and propriety of the security alleged."

Counsel for the parties have filed a stipulation

wherein they agree that the declaration of taking may be amended by adding a statement that the condemnation "is authorized by the Act of February 1, 1966, paragraph 1501 as amended 53 P.S. 4650." [1] This cures the defect alleged in the third objection.

As we understand condemnee's position in the first objection, it is because some of the water has, from time to time, been hauled by the borough to private swimming pools of borough residences, the taking is not exclusively for public use.

From the record, it appears that at times water from the pool was made available to privately owned swimming pools. The actual extent of this use is not shown, but it seems not to have been a widespread practice, even if it be accepted as a fact that such a practice was followed. This does not negate the fact that the pool of water was maintained by the borough primarily for the purpose of fire prevention and control and was, in fact, so used.

It seems clear that if there were private use of the pool, as above indicated, this has been merely incidental to its principal purpose and in no way does it destroy the public nature of the use: 26 Am. Jur. 2d, Eminent Domain, §32.

On the issue that the taking was an abuse of discretion, the burden of showing such an abuse is on the objector. The determination for the need of the taking is an administrative one for the appropriate office of the condemnor and in the absence of fraud is binding on the court: Spann v. Joint Boards of School Directors, 381 Pa. 338; Truitt v. Borough of Ambridge Water Authority, 389 Pa. 429. There is no evidence of fraud on the part of the borough in this case.

---

[1] The Borough Code of February 1, 1966, P. L. (1965) 1656, sec. 1501, 53 PS §46501.

The borough officials testified that the area around the pool was not adequate to manuever the equipment when drawing water for fire fighting purposes. It was also testified that the present 12-feet-wide driveway to the pond is too narrow to allow two trucks to meet and pass each other. This testimony was not seriously disputed and we are satisfied that it is correct.

It is objected that the declaration does not state where the record of the borough authorizing the declaration of taking is located and may be examined.

It is true that there is no such reference in the declaration; however, the declaration does state that the declaration of taking was authorized by ordinance of the borough adopted September 9, 1968, and that a copy of the ordinance is attached to the declaration.

We must determine if the attachment of the ordinance satisfies the requirement of the last clause of section 402(b)(3) of the Eminent Domain Code of June 22, 1964, P. L. 84, 26 PS §1-402. It can, of course, be argued that since a copy of the ordinance is made available to the declaration, there is no need for reference to the original record of the ordinance. It seems to us that if the legislature intended that only a copy of the ordinance be made available to the condemnee, it would have directed that a copy of the ordinance be served on the condemnee with the declaration of taking. It would appear that by requiring notice of the place of taking of the action taken by the condemnor, it was intended that the condemnor have an opportunity to review the original record of the whole proceeding to ascertain if it was in full compliance with the law. Objection is also made that the declaration of taking does not set forth the need for the taking. We think that the copy

of the ordinance which is attached to the declaration does sufficiently set forth the need for the taking and since this copy is made a part of the declaration, we feel that it satisfies that requirement.

The last objection is extremely broad in general and in our opinion violates sec. 406(b) of the code, which requires preliminary objections to specify the grounds for the objection.

Since we find the declaration to be defective, we deem it appropriate to call attention to some matters not raised in the pleadings before us which should be observed if there are to be further pleadings in this matter. We find nowhere in the declaration compliance with paragraphs 5, 6 and 7 of section 402(b) of the code and the omission of any one of these would be a full deficiency if properly raised. We enter this order.

## ORDER

And now, April 27, 1970, it is ordered, adjudged and decreed that preliminary objections 1, 2, 3, 5 and 6 be and are hereby dismissed and that preliminary objection 4 be and hereby is sustained. An exception is granted to all parties to the action of the court.