Re: Condemnation of Tract of Land Consisting of Certain Individually Owned Tracts of Land Lying Along Jordan Creek, East of Wehr Dam's Bridge, South Whitehall Township, Route 1, Allentown, Lehigh County, Pa., by the Township of South Whitehall for the Purposes of Public Park, Recreation Area and Facilities re Tracts Nos. 5, 6 and 7.

Nicholas and Helen S. Pidstawski et al. *v.* South Whitehall Township. Nicholas and Helen S. Pidstawski, Charles F. and Joan E. Hoffman, and LeRoy W. and Carrie A. Breininger, Appellants.

Argued October 6, 1977, before Judges Crumlish, Jr. and Wilkinson, Jr., sitting as a panel of two.

*James B. Martin,* with him *William C. Wickkiser, Michael J. Piosa,* and *Wallace C. Worth, Jr.,* for appellants.

*James A. Bartholomew,* with him *Richard W. Shaffer,* and *Butz, Hudders & Tallman,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 22, 1977:

This is an appeal by Nicholas and Helen S. Pidstawski, Charles F. and Joan E. Hoffman and LeRoy and Carrie A. Breininger (Condemnees) from an order of the Court of Common Pleas dismissing their preliminary objections to a Declaration of Taking filed by the Township of South Whitehall (Township). The

sole issue is whether Condemnees' properties were taken for a public purpose.

In January, 1974, Township, pursuant to the authority vested in it by Sections 1901 and 3001 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §§56901, 58001, filed a declaration of taking under which it condemned approximately 80 acres of land along the Jordan Creek for what was to be known as the Jordan Creek Parkway Project. The condemned land included 15.120 acres owned by the Hoffmans, 15.890 acres owned by the Pidstawskis, and 17.836 acres owned by the Breiningers. These Condemnees timely filed preliminary objections alleging, *inter alia*,[1] that the declaration did not adequately demonstrate the purpose of and need for the taking. The court below sustained the objection, but allowed the Township time to file a more specific declaration and develop a record in an effort to establish a public use. The Township filed an amended declaration in which it summarized the purpose of the condemnation as follows:

    (a) To acquire land for the establishment of the Township's first community recreation area to serve the present and future recreational needs of the Township community, as indicated in a Township recreation survey conducted on August 16, 1971, and in the comprehensive plan for the Township, dated September, 1969.

    (b) To acquire land for the location of a park area for needed Township recreational facilities, which include a swimming pool, base-

---

[1] The Condemnees also objected on the ground that the Condemnor's pledge of its taxing power was not adequate security to guarantee the payment of just compensation. The Court overruled that objection, and since the Condemnees have not pursued that issue on appeal to this Court, we shall not address it.

ball field, handball courts, tennis courts, football field, nature trails, and other open space uses.

(c) To acquire land within the Township for a park area for the preservation of open space in accordance with the Joint Planning Commission's Regional Comprehensive Plan for Development of Recreational Facilities within Lehigh County.

(d) To acquire land to be held and used for permanent open-space land for open space and recreational uses as set forth in Pennsylvania's Land and Water Conservation and Reclamation Act of 1968.

(e) To acquire land within the Township to provide a park area which would preserve the historical, recreational, and natural beauty of the Jordan Creek at the site of the condemned tracts as set forth in Title VII of the United States Housing Act of 1961.

Subsequently, the Township took the depositions of its Secretary and Director of Community Development, its Director of Finance and Personnel, the president of its Board of Commissioners (formerly a member of the Township Planning Commission), the Township Engineer, and a member of its Park and Recreation Board, as well as the executive director of the Lehigh-Northampton Counties Joint Planning Commission and two professional planners. The Condemnees, who cross-examined these witnesses but presented no witnesses of their own, filed exceptions to the Township's certification of filing of the depositions. Following oral argument, the court ruled that the record constituted a sufficient showing of the public purpose of the taking, dismissed the exceptions, and overruled the preliminary objections. The Condemnees then came to us.

In eminent domain cases, our review of lower court decisions is limited to a determination of whether the court abused its discretion or committed an error of law. *Breinig v. Hatfield Township*, 23 Pa. Commonwealth Ct. 394, 352 A.2d 230 (1976). The lower court is itself limited in its review of the municipality's decision to condemn property and of the extent of the taking, to the question of whether the municipality is guilty of fraud, bad faith, or abuse of discretion. *Truitt v. Borough of Ambridge Water Authority*, 389 Pa. 429, 133 A.2d 797 (1957). Furthermore, there is a strong presumption that the municipality has acted properly, *Nixon Hotel, Inc. v. Redevelopment Authority of the City of Butler*, 11 Pa. Commonwealth Ct. 519, 315 A.2d 366 (1974), and the burden is heavy upon one attempting to show an abuse of discretion. *Pittsburgh School District Condemnation Case*, 430 Pa. 566, 244 A.2d 42 (1968). Finally, it has long been recognized that a municipality may acquire land for future expansion, even if it cannot presently use the land for the purposes stated in the declaration of taking, so long as the land will be necessary in good faith for future use within a reasonable time. *Vecchione v. Township of Cheltenham*, 13 Pa. Commonwealth Ct. 260, 320 A.2d 853 (1974); *Pittsburgh School District Condemnation Case, supra; Truitt v. Borough of Ambridge Water Authority, supra.*

The crux of the Condemnees' argument below and before us is that, because of the availability of other park and recreational facilities within the Township and the proximity of the park lands of the City of Allentown, which total approximately 710 acres, and given the present population growth trends of the Township, the taking is excessive under the circumstances since it is unnecessary to fulfill either a present need or a foreseeable future need within a reasonable time. This being so, they argue, the taking was

not for a public purpose and thus constituted an abuse of discretion by the Township.

We have reviewed the transcripts of the depositions and find in them ample support for the lower court's conclusion that the landowners had failed to carry their burden of proving an abuse of discretion. The record demonstrates that the Township's actions, rather than being arbitrary, were carefully planned and painstakingly thought out with a view toward present and future requirements. Acquisition of the land bordering the Jordan Creek and lying between two historically important covered bridges was first discussed by Township officials in 1966, and that year initial studies of the area as a park were made by the Township's Planning Commission. In 1968 the Park and Recreation Board, after studying existing recreation facilities, recommended setting aside a large plot of ground of considerable acreage for a community park. The Jordan Creek site was a natural choice for such a park due to its size, low acquisition cost, the historic character of the covered bridges, and the scenic beauty of the Jordan Creek. The year 1968 also marked the completion of the Township's comprehensive plan which contained a recommendation that the Township acquire several hundred acres as recreational land and specifically endorsed development of the proposed park site. Two years later, a survey of Township residents demonstrated strong community backing of a multi-purpose community park and recreation facility. Also in 1970, the Joint Planning Commission for Lehigh and Northampton Counties stated that the proposed park was an important element in the long-range plan for development of the region. Finally, the Township's plans were thoroughly reviewed by both the Pennsylvania Department of Community Affairs and the United States Department of Housing and Urban Development, pursuant to ap-

plications by the Township for grants-in-aid. Both the state and the federal government approved the project and granted funding.

These facts and the entire record clearly demonstrate that the Township's decision to devote these 80 acres along the Jordan Creek to park and recreational uses was based upon its informed perception of the Township's present and reasonably foreseeable future needs. We therefore agree with the court below that the Township did not commit an abuse of discretion.

Accordingly, we

### ORDER

AND Now, this 22nd day of December, 1977, the order of the Court of Common Pleas of Lehigh County dated April 20, 1976, dismissing the preliminary objections of Nicholas and Helen S. Pidstawski, Charles F. and Joan E. Hoffman, and LeRoy W. and Carrie A. Breininger to the declaration of taking of the Township of South Whitehall is hereby affirmed.