641 A.2d 25

**In re: Condemnation of Property of Mary H. Waite in Penn Township, Butler County, Pennsylvania by the Butler County Airport Authority for Facilities and Avigation Easement Purposes.**

**Appeal of Mary H. WAITE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1993.

Decided April 8, 1994.

Reargument Denied May 12, 1994.

Nancy J. Norkus, for appellant.

Charles F. Flach, III, for appellee.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Mary H. Waite appeals from the order of the Court of Common Pleas of Butler County dismissing her preliminary objections to a declaration of taking filed by the Butler County Airport Authority (Authority). The issues raised on appeal are whether the trial court erred as a matter of law or abused its discretion in determining that Waite failed to meet her burden of proof; and whether the trial court erred in deter-

mining that the Authority has a sufficient public interest in condemning the property in question.

On May 1, 1991, the Authority filed a declaration of taking condemning a total of 25.15 acres of an approximately 107–acre parcel owned by Waite which was adjacent to the Butler County Airport. Of the property condemned, 15.84 acres were condemned in fee simple or absolute title for the stated purposes of a runway setback safety buffer, improvement of existing airport facilities, and future airport development. The remaining 9.31–acre parcel was condemned as an avigation easement and right-of-way for the unobstructed passage of aircraft, giving the Authority the right to enter upon the property to prevent the erection or growth of any building, structure, improvement, tree, or other object extending into the air space above the property. Waite filed preliminary objections challenging the condemnation on the basis that, inter alia, the nature and extent of the condemnation is not necessary to meet current or future needs within a reasonable time; the condemnation constitutes a gross abuse of discretion, is arbitrary, capricious, excessive, in bad faith, and encompasses more land than is reasonable and necessary; and the condemnation was made not for public purposes, but for private purposes and/or personal gain and motivation.

In a hearing before the trial court, Waite presented evidence that she purchased the 107–acre tract in 1987 for residential subdivision purposes; the condemned property was integral to Waite's residential development plans; and the Authority's taking made the development economically unfeasible as planned, but if a lesser amount were taken, the development could be built and the Federal Aviation Administration (FAA) minimum buffers could still be followed. Waite testified that she had lived next to the airport for a number of years, owned two airplanes based at the airport, in the past had a charter airplane business there, and based upon this familiarity, stated that the airport's traffic had decreased in the prior ten years.

Prior to its condemnation, the Authority owned avigation easements over approximately two-thirds of the 15.84 acres

condemned in fee simple, and it owned avigation easements over approximately one-fourth of the 9.31 acres condemned for avigation easement and right-of-way. Some of these pre-existing easements are insufficient to meet current FAA regulations. The Authority presented evidence that its condemnation of Waite's property was part of its apron rehabilitation and expansion and land acquisition program submitted by grant application to the federal government in 1987, the purpose of which was to ensure proper clearance and safety, to prevent the adjacent land from being put to a conflicting use, and to provide for future terminal-area expansion. The Authority presented testimony that its decision to condemn the portion of Waite's land in fee simple rather than avigation easement was a "judgment call" based upon the federal government's preference for fee simple acquisitions as set forth in FAA advisory circulars; and that the acquisition of Waite's land benefits the public since it provides safe approaches to the airport. The Authority also presented testimony that activity at the airport has increased in recent years and that, without closing public roads to accommodate the airport, Waite's land is the only land available for future expansion.

After conducting a view of the site, the trial court granted the Authority's motion to dismiss Waite's preliminary objections and noted in its opinion that the FAA approved the Authority's acquisition and will pay 95% of the estimated cost. The trial court concluded, inter alia, that the Authority lawfully exercised its authority under the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §§ 301–322, and the Airport Zoning Act, 74 Pa.C.S. §§ 5911–5920; Waite did not meet her burden of showing that the condemnation was made capriciously, fraudulently, or based upon private motives because no evidence of fraud or private motives was introduced; and the Authority has a sufficient public interest in condemning the property to serve as a buffer for aircraft using its runway and in condemning a portion of the land for future hangar construction since all existing space

has been utilized and no other expansion is possible due to the location of public roads. Waite appealed to this Court.[1]

Waite first argues that the trial court erred as a matter of law or abused its discretion in determining that she failed to meet her burden of proof. The trial court is limited in its review of a decision to condemn property and of the extent of the taking to determining whether the condemnor is guilty of fraud, bad faith, or has committed an abuse of discretion. *Octorara Area School Dist. Appeal,* 124 Pa.Commonwealth Ct. 472, 556 A.2d 527 (1989). The burden of proving that the condemnor has abused its discretion is on the objector or condemnee. *Id.* The condemnee's burden of proving fraud or abuse of discretion is a heavy one. *Pittsburgh School Dist. Condemnation Case,* 430 Pa. 566, 244 A.2d 42 (1968). In such cases, there is a strong presumption that the condemnor has acted properly. *Pidstawski v. South Whitehall Township,* 33 Pa.Commonwealth Ct. 162, 380 A.2d 1322 (1977).

Waite contends that the trial court failed to give due regard to her preliminary objections and to the appropriate scope of review. At the outset, it is clear that the trial court applied the correct scope of review, although it did not use the exact language stated in *Octorara Area School Dist.* The trial court's conclusions that Waite did not meet her burden of showing that the condemnation was made fraudulently or based upon private motives, and that the Authority lawfully exercised its authority, certainly parallels the requirement of

1. This Court's scope of review in eminent domain cases is limited to a determination of whether the trial court abused its discretion, an error of law was committed, or whether the findings and conclusions are supported by sufficient evidence. *Octorara Area School Dist. Appeal,* 124 Pa.Commonwealth Ct. 472, 556 A.2d 527 (1989). In such cases, the trial court's findings of fact will not be disturbed if they are supported by substantial evidence. *Erie Municipal Airport Auth. v. Agostini,* 152 Pa.Commonwealth Ct. 494, 620 A.2d 55 (1993). A finding by the trial court that a condemnor acted in good faith precludes this Court from scrutinizing the wisdom of the condemnor's exercise of its power. *Nixon Hotel, Inc. v. Redevelopment Auth. of Butler,* 11 Pa.Commonwealth Ct. 519, 315 A.2d 366, *cert. denied,* 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974).

showing fraud, bad faith, or an abuse of discretion. Moreover, the trial court used language which directly responded to the allegations made in Waite's preliminary objections to the declaration of taking. Since Waite presented no evidence of fraud or bad faith by the Authority, the trial court was left to consider whether the Authority abused its discretion, as Waite asserts, in condemning more land and a greater estate interest in the land than was necessary.

Waite next argues that the trial court erred in dismissing her preliminary objections on the basis that the Authority has a sufficient public interest in condemning a portion of her land to serve as a buffer for aircraft. Waite contends that the Authority's condemnation encompassed more land than was necessary for safety buffers and was therefore an abuse of the Authority's discretion. The sole limitation on the exercise of a condemnor's power is that it may not appropriate a greater amount of property than is reasonably required for the contemplated purpose. *Truitt v. Borough of Ambridge Water Auth.*, 389 Pa. 429, 133 A.2d 797 (1957). The quantum of land to be acquired is, within reasonable limitations, a matter within the condemnor's discretion. *Id.* Although the testimony offered by Waite's witnesses demonstrated, at best, the possibility of options other than those taken by the Authority, this evidence was not sufficient to meet her burden and did not overcome the presumption that the Authority's actions were reasonable. The evidence failed to show that it was unreasonable for the Authority to condemn a 300–foot–wide strip parallel to its existing runway for the provision of a buffer between the airport and further development.

Waite last argues that the fact that the Authority is without land for future expansion is insufficient to justify the Authority's condemnation of her property. The Authority presented testimony that there was a need for hangar expansion at the airport and a possibility that it would carry out this expansion on the property in question. Waite contends that this demonstrates that the land will not become necessary for use within a reasonably foreseeable time. Waite asserts that condemna-

tion of the 15.84 acres in fee simple was for no other reason than to stop her residential development of the entire tract and avoid possible perceived problems resulting from the development.

■ It has long been recognized that a condemnor may acquire land for future expansion, even if it cannot presently use the land for the purposes stated in the declaration of taking, so long as the land will be necessary in good faith for future use within a reasonable time. *Truitt; Pidstawski.*

> A logical corollary of this right is that one of the condemnor's motives for presently acquiring land needed for future expansion may be to avoid excessive costs and waste of public funds if acquisition is delayed. Indeed, in some circumstances, a foresighted concern for avoiding excessive cost can properly be the major motive.

*Pittsburgh School Dist.*, 430 Pa. at 573–74, 244 A.2d at 46. Waite relies upon *Truitt* and *Octorara Area School Dist.* to support her contentions.

In *Truitt*, the Supreme Court affirmed a trial court determination that the condemnees, who sought to restrain a condemnor from acquiring their entire tract on the ground that the amount sought was in excess of the condemnor's requirements, failed to meet their burden of proof. The trial court found that acquisition of condemnees' entire tract of land was necessary for minimizing the danger of pollution from lands surrounding a reservoir and that condemnees failed to produce testimony that condemnation of the entire tract was not necessary for accomplishment of the condemnor's purposes. Thus *Truitt* does not support Waite's position, especially considering that the Authority has condemned only a portion of Waite's property.

In *Octorara Area School Dist.*, the trial court resolved evidence on the issue of whether there existed a necessity for future use of the condemned land within a reasonable time in favor of the condemnee where long-range enrollment projections indicating the future need for school buildings were based on mere assumptions and possibilities. This Court

deferred to the trial court's discretion and affirmed, noting however that "purchase of land for such projected needs to avoid higher costs in the future and to be sure there is sufficient land is proper and commendable." *Id.,* 124 Pa.Commonwealth Ct. at 481, 556 A.2d at 531. Nevertheless, this Court echoed the trial court's concern that the school district's action resulted in condemnation of an entire working farm, based solely upon assumptions and possibilities that were challenged by contrary evidence, in direct contravention of the Commonwealth's policy to preserve and protect agricultural land.

 In the present matter, the condemnation neither involves Waite's entire property, nor was it based on mere assumptions and possibilities. The Authority presented testimony that the Butler Airport is of major importance as a general aviation reliever of the Greater Pittsburgh International Airport and is one of the busiest airports in the region. As found by the trial court, the Authority demonstrated that all existing space available for hangar construction has been utilized and no other expansion is possible due to the location of public roads. This compels the conclusion that it was reasonable for the Authority to condemn the portion of Waite's land it deemed necessary for future expansion. As this Court similarly held in *Pidstawski,* the Authority's actions herein, rather than being arbitrary, were carefully planned with a view toward present and future requirements; furthermore, the Authority's plans were thoroughly reviewed by state and federal agencies, which approved the project and granted funding. The Authority's decision was based upon its informed perception of the airport's present and reasonably foreseeable future needs. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 8th day of April, 1994, the order of the Court of Common Pleas of Butler County is affirmed.