IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation of Land In    :
Morrisville Borough, Bucks County,  :
Pennsylvania Located at         :
22 Delaware Avenue           :
                             :  No.  143 C.D. 2020
Tax Map Parcel No. 24-010-074  :  Submitted: July 24, 2020
                             :
Appeal of: John Kliesh        :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                         FILED: October 16, 2020

Before this Court is the appeal (Appeal) of John Kliesh (Condemnee), who is proceeding *pro se*, of an order (Order) of the Court of Common Pleas of Bucks County (Trial Court), dated January 10, 2020, overruling his preliminary objections to the Declaration of Taking (Declaration) filed by the Redevelopment Authority of the County of Bucks (Authority).

## I. Background

On September 25, 2019, the Authority filed the Declaration for 22 Delaware Avenue, Morrisville, Pennsylvania, Tax Map Parcel Number 24-010-74 (Property).[1] Condemnee holds the title to the Property.

---

[1] The stated purpose for the condemnation of the Property was "to acquire, hold, manage, clear, improve, develop, redevelop, and/or dispose of [the Property] . . . to eliminate the blighted conditions which exist on said [P]roperty in further of the powers granted to the Authority pursuant to Section 12.1 of the . . . Urban Redevelopment Law . . . [, Act of May 24, 1945, P.L. 991, *as amended,* added by the Act of June 23, 1978, P.L. 556,] 35 P.S. §1712.1." Reproduced Record (R.R.) at 4b.

On October 16, 2019, Condemnee filed objections to the Declaration, in which he asserted that the Borough of Morrisville (Borough) was "[h]arassing and [a]ttempting to DEFRAUD [him] out of [m]oney and his Property." Reproduced Record (R.R.) at 10b-11b[2] (capitalization in original). Further, Condemnee asserted that he has wanted to sell the Property but is not legally permitted to do so because of a "FRAUDULENT" mortgage filed against it. R.R. at 11b (capitalization in original). In addition, he noted that, in October 2005, a company named Select Portfolio Servicing filed a fraudulent mortgage foreclosure case against him and that he needs "to do a QUITE [sic] TITLE ACTION on his property to ENFORCE his CONSTITUTIONAL RIGHTS." R.R. at 11b-12b (capitalization in original). Condemnee also asserted that he was "NOT . . . IN CONTROL of his Property . . . until December 10, 2018" because the Borough claimed "they [sic] and the Morrisville School Board where [sic] [s]elling [it]." R.R. at 12b (capitalization in original). He alleged that this latter matter led to litigation which resulted in a judge of the Trial Court committing "JUDICIAL TREASON to DENY [him] [c]ontrol of his [P]roperty." R.R. at 13b (capitalization in original).

In his objections, Condemnee further asserted that the Trial Court has a personal vendetta against him relative to a 2003 child support and custody matter in which the opposing party "[c]onspired with a Bucks County Court Hearing

---

[2] We note here that Pa.R.A.P. 2173 states, in pertinent part: "Except as provided in Rule 2174 (tables of contents and citations), the pages of briefs, the reproduced record and any supplemental reproduced record shall be numbered separately in Arabic figures and not in Roman numerals: thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc., and followed in any supplemental reproduced record by a small b, thus 1b, 2b, 3b, etc." In the present matter, the Reproduced Record does not follow the Rule. Instead, it follows the numbering scheme for a supplemental reproduced record. Condemnee uses the lower case "a" numbering and lettering scheme in his brief instead.

2

Officer . . . [t]o [d]efraud [him] of [m]oney by DOUBLING HIS INCOME and INFLATING STATE CHART AMOUNTS." R.R. at 16b (capitalization in original). Condemnee further contended that the presiding Trial Court judge "RUBBERSTAMPED" the hearing officer's determination and that he has been "DENIED access to his son since 2003." R.R. at 17b (capitalization in original). Condemnee argued that the Trial Court forfeited jurisdiction over his case due to its "ongoing CRIMINAL HARASSMENT." R.R. at 17b-18b (capitalization in original).

Condemnee alleged that the Authority claimed the Property is blighted but did not list any conditions to support this claim. R.R. at 18b. However, he also acknowledged that there has been a 30-foot boat on the Property since 2007, although he asserted it was placed there without his permission and that he does not have title to it. He further acknowledged that he has had a problem maintaining his lawn, but that this is because the Borough claimed control of the Property and refused to mow it. R.R. at 19b. Condemnee acknowledged that he was "given [c]ontrol" of the Property in December 2018, and once "the [w]eather got better," he was able to start maintaining the Property. However, he was diagnosed with cancer in June 2019. R.R. at 20b. He argued that it would be illegal for the Authority to claim ownership of the Property without filing a proposed offer as required by Pennsylvania's laws on eminent domain. R.R. at 21b. Condemnee concluded his objections by asserting that the Authority is being used as a pawn for retaliation against him by the Borough by committing a fraudulent transfer of the Property with "the HELP" of the Trial Court. R.R. at 21b-22b (capitalization in original).

The Authority opposed Condemnee's objections, arguing that Section 306 of the Eminent Domain Code (Code),[3] 26 Pa.C.S. §306, sets forth the exclusive manner for challenging a condemnation action.[4] R.R. at 36b. The Authority argued that all the objections raised by Condemnee relate to the actions of parties other than the Authority and are "completely unrelated to the . . . eminent domain action." R.R. at 38b. The Authority asserted that only Condemnee's claims that (1) the Authority's Declaration failed to apprise him of the specific conditions of blight and (2) the Authority did not file a proposed offer for the Property, prior to the taking, had any relevance to the matter before the Trial Court. *Id*. Further, in response to these specific assertions by Condemnee, the Authority argued that there is no requirement for it to have made a proposed offer to Condemnee prior to a taking, and the Authority further contended that Condemnee failed to cite any such requirement. *Id*. In addition, the Authority argued that its Declaration was in full compliance with the Code and that Section 302(b) of the Code does not require a detailed description of the blighted conditions that gave rise to the Authority's power to condemn the Property. R.R. at 39b.

---

[3] 26 Pa.C.S. §§101-1106.

[4] The Code states, in pertinent part: "A condemnee, by filing preliminary objections, may challenge only the following: (i) The power or right of the condemnor to appropriate the condemned property unless it has been previously adjudicated. (ii) The sufficiency of the security. (iii) The declaration of taking. (iv) Any other procedure followed by the condemnor." 26 Pa.C.S. §306(a)(3). The Authority adds that "Section 306 of the Code provides that preliminary objections are limited to the foregoing issues, must specifically state the grounds relied upon and must all be raised in one pleading. *See* 26 Pa.C.S. §306(a)(3), (c), (d). Further, the failure to raise any of aforesaid issues shall be deemed a waiver thereof. *See* 26 Pa.C.S. §306(b)." R.R. at 36b.

4

The Authority noted that Section 12.1(a) of the Urban Redevelopment Law (URL), which was referenced in its Declaration, provides in pertinent part, that "'[n]othwithstanding any other provision of this act, any [r]edevelopment [a]uthority shall have the power to acquire by purchase, gift, bequest, eminent domain or otherwise, any blighted property as defined in this section . . . .' 35 P.S. §1712.1(a)." The Authority noted here that Section 12.1 of the URL sets forth the conditions of a blighted property and provides a specific procedure to be followed in order to condemn a blighted property. R.R. at 39b. The Authority argued that Condemnee did not contend that he did not receive the notice required by Section 12.1 of the URL or that the Authority did not properly follow "any other procedure." *Id.* Rather, Condemnee acknowledged that there has been a 30-foot boat on the Property since 2007 and that he had not maintained the lawn. *Id.* The Authority contended that Condemnee objected that the Declaration did not specifically list the blighted conditions, "which is not required to be done under the Code. Thus, Condemnee's objection to the form of the [Declaration] is without merit." R.R. at 39b-40b.

On January 10, 2020, after review of the record, the Trial Court overruled Condemnee's objections and directed him to file an answer[5] to the Authority's Declaration[6] within 20 days of the Order.[7] R.R. at 51b. On January 15,

---

[5] Despite the Trial Court's direction, we note that no provision of the Code directs the filing of an answer in response to a declaration of taking. Rather, Section 306 of the Code limits a condemnee's response to a declaration of taking to the filing of preliminary objections. *See* 26 Pa.C.S. §306.

[6] The Trial Court's Order referred to this as a "Complaint." R.R. at 51b.

[7] A trial court "is limited in its review of a decision to condemn property and of the extent of the taking to determining whether the condemnor is guilty of fraud, bad faith, or has committed **(Footnote continued on next page…)**

5

2020, Condemnee appealed to this Court.[8] Thereafter, the Trial Court directed Condemnee to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

On April 24, 2020, the Trial Court filed an opinion, pursuant to Pa.R.A.P. 1925(a). In its opinion, the Trial Court stated that Condemnee filed "five pages of statements which were anything but concise." R.R. at 87b (emphasis omitted). The Trial Court stated that Condemnee's statements were "nothing more than attacks against [the] [c]ourt" and that Condemnee failed "to identify with any specificity how this [c]ourt committed crimes or cite evidence or legal authority to support his position." *Id.* Despite its difficulty in discerning Condemnee's statement, the Trial Court acknowledged that the court was able to "distill one apparent legal issue in [Condemnee's] ramblings," which was that there had been allegedly "multiple violations" of the Code and other laws. R.R. at 88b.

Upon its review of the record, the Trial Court stated that "the [Authority] had satisfied the requirements to effectuate a proper condemnation of the [Property]." R.R. at 89b. "Specifically, [the Authority] filed a [Declaration] on September 25, 2019 and properly notified the title owner of the [Property] on October 8, 2019." *Id.* The Trial Court stated that, in the Declaration, the Authority included the following: (1) its name and principal location; (2) a statement that the

---

an abuse of discretion." *Appeal of Waite*, 641 A.2d 25, 28 (Pa. Cmwlth. 1994). The presumption is that the condemnor has acted properly. *Id.*

[8] Where the trial court has overruled preliminary objections in an eminent domain proceeding, this Court's review is limited to the determination of whether there was an abuse of discretion or an error of law made by the trial court. *In Re Condemnation by Dep't of Transp. of Right-of-Way for State Route 0095, Section BSR*, 131 A.3d 625 n.3 (Pa. Cmwlth. 2016).

power of eminent domain is granted to it by the URL; (3) information that the Declaration was authorized by a specific resolution of the Authority as enacted at a regularly scheduled meeting on September 20, 2019; (4) the purpose of the condemnation; (5) the location of the Property; (6) the title being acquired was fee simple and absolute; (7) information that a plan showing the Property was available for inspection at the Authority's principal location; and (8) just compensation for the Property had been secured by the Authority's Bond, without surety, pursuant to Section 303 of the Code, 26 Pa.C.S. §303, and the Bond was attached to the Declaration. *Id.* Thus, the Trial Court determined the Authority had satisfied the legal requirements to condemn the Property, and Condemnee's argument regarding violations of the Code were without merit. In addition, and to the extent Condemnee was arguing the Authority violated other laws, the Trial Court determined that, without a more specific statement, such argument was waived because the Trial Court was left guessing the issues Condemnee was raising on appeal. Thus, the Trial Court found no merit in Condemnee's allegations and submitted that his appeal should be denied and dismissed by this Court. R.R. at 89b-90b.

## II. Arguments

### A. Condemnee's Argument

On appeal to this Court, Condemnee argues that the Trial Court was biased against him. As evidence of this bias, Condemnee alleges the Trial Court refused to send him its "[u]ntimely Order," on which the Trial Court Judge allegedly wrote notes that he sent the Order to the Authority's legal counsel but not to Condemnee. Condemnee's Br. at 1a.

In addition, Condemnee asserts that the Trial Court "permitted the [Authority] to violate [m]ultiple [l]aws, along with rendering an Order supporting those [v]iolations." Condemnee's Br. at 4a. More specifically, Condemnee asserts that the Authority failed to raise any conditions of blight on the Property and provided no pictures, evidence, or "[c]laims of any kind" regarding the same. *Id.* Condemnee contends that he has been willing to sell his Property and that he offered it to the Authority. He argues that this demonstrates the Authority's bid to acquire the Property through eminent domain was done to harass and defraud him, because the use of eminent domain will allow the Authority to secure the Property for less than its true market value. Thus, Condemnee contends, the Authority engaged in the wrongful use of civil proceedings against him. Condemnee's Br. at 5a-6a. Condemnee also alleges that the Authority's use of his statements about not being able to care for his lawn as an admission of guilt violated "[m]ultiple [l]aws such as 42 [Pa.C.S.] [§]8725(b)[,] (e)." Condemnee's Br. at 9a.

Condemnee further argues that he was never provided with "prior notice" as required by Section 12.1(e)(2) of the URL, which states:

> (e) The blighted property review committee and the appropriate planning commission, upon making a determination that any property is blighted within the terms of this section, must certify said blighted property to the Redevelopment Authority, except that:
>
> . . . .
>
> (2) No property shall be certified to the Redevelopment Authority unless the owner of the property or an agent designated by him for receipt of service of notices within the municipality has been served with notice of the determination that the property is blighted, together with an appropriate order to eliminate the

8

conditions causing the blight and notification that failure to do so may render the property subject to condemnation under this act. The notice shall be served upon the owner or his agent in accord with the provisions of a local ordinance pertaining to service of notice of determination of a public nuisance. The owner or his agent shall have the right of appeal from the determination in the same manner as an appeal from the determination of public nuisance.

35 P.S. §1712.1(e)(2).

Condemnee contends that the Trial Court violated Bucks County Local Rule of Civil Procedure No. 208.3(b) when it "REFUSED to file a TIMELY Order in the case," asserting that the Court's Order was required to be filed no later than November 29, 2019, but was filed instead on January 10, 2020. Condemnee's Br. at 9a-10a (capitalization in original). In addition, Condemnee maintains that the Authority has no legal standing to file the eminent domain action against him in this case and that the Trial Court's opinion is "MUTE" because it failed to comply with court rules, including failing to file its opinion, after Condemnee's appeal to this Court, until April 28, 2020, when it was due on April 6, 2020. Condemnee's Br. at 11a (capitalization in original).

In addition to his other claims, Condemnee alleges a conspiracy between the Trial Court and the Authority's legal counsel and inappropriate "ex parte contact" between them. Condemnee's Br. at 12a; 15a.

**B. The Authority's Argument**

The Authority argues that Section 306(a)(3) of the Code makes it clear what may be challenged by a condemnee that files preliminary objections and that Condemnee's preliminary objections in the present matter (1) fail to address the

power or right of the Authority to condemn the Property, (2) fail to address the sufficiency of the Declaration, the security given by the Authority, or any procedure followed by the Authority, and (3) fail to state the grounds relied upon, as required by Section 306(c) of the Code. Authority's Br. at 7.

The Authority further argues that, in his objections, Condemnee set forth claims ranging from an allegation of a fraudulent mortgage, which prevented him from selling the Property, to allegations of ongoing criminal harassment by the Trial Court, all of which are completely unrelated to the present action. *Id.*

The Authority notes that, of the two allegations which could possibly relate to the grounds listed in Section 306 of the Code, one was that the Declaration failed to apprise Condemnee of the specific conditions of blight on the Property. However, the Code does not require that the Declaration contain a list of the conditions, and, further, as the Trial Court determined, the Authority fully satisfied the statutory requirements in commencing the present action by notifying Condemnee of the basis for the condemnation as well as the Authority's source of power to condemn the Property. Authority's Br. at 7-8. The Authority notes that when Condemnee received notice of the filing of the Declaration, he had a right to examine the record of the action. In addition, Condemnee never disputed that the Property was, in fact, blighted, as he acknowledged the presence of the 30-foot boat on the Property since 2007, and he failed to maintain the lawn. Authority's Br. at 9.

The Authority further contends that the only other allegation made by Condemnee that could possibly relate to the procedure followed by the Authority is

10

that it allegedly failed to file a "proposed offer" for the Property prior to the taking. However, the Authority argues that this allegation is without merit because there is no requirement in the Code or the URL to file, or make, a proposed offer to a condemnee prior to a taking, and Condemnee, here, cites no such requirement. Authority's Br. at 10.

The Authority argues that Condemnee fails to properly raise any of the grounds upon which preliminary objections in a condemnation action must be based, and any allegations of fraud or bad faith are directed at parties other than the Authority. "Rather, Condemnee has offered up what [the Trial Court] referred to as 'ramblings.'" Authority's Br. at 11.

The Authority asserts that Condemnee "takes the ramblings set forth in his preliminary objections a step further and includes a claim of 'extreme bias' on the part of the [Trial Court], as well as a claim of 'unlawful ex parte contact between [the Authority's] counsel and the trial judge.'" *Id*. The Authority contends that Condemnee's claims of bias and ex parte contact are unsubstantiated and that Condemnee fails to set forth relevant facts with regard to either claim, and thus, they warrant no review by this Court. Authority's Br. at 12. As for Condemnee's allegation of "multiple violations" of law, the Authority asserts that the Trial Court correctly determined this is too vague to provide a reasonable basis for review and is the "'equivalent of no Concise Statement at all.'" *Id*. (citing *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006)).

11

The Authority addresses Condemnee's reference in his appeal brief that he was not provided with required notice from the Borough pursuant to Section 12.1(e)(2) of the URL. However, the Authority also notes this issue was not raised in Condemnee's preliminary objections and, thus, is waived. Authority's Br. at 13; *see also* 26 Pa.C.S. §306(b).

The Authority rejects Condemnee's argument regarding the wrongful use of civil proceedings because he cannot proceed under the relevant statute in this regard until the underlying action has been completed, and he has received a decision in his favor. *See* 42 Pa.C.S. §8354 (regarding wrongful use of civil proceedings).[9] In addition, the Authority argues that Condemnee's allegations regarding the disclosure of confidential information applies only to criminal proceedings. *See* 42 Pa.C.S. §§8721-8725 (regarding availability of otherwise confidential information in criminal proceedings). Authority's Br. at 13-14.

---

[9] Section 8354 of the Judicial Code states, in pertinent part:

> In an action brought pursuant to this subchapter the plaintiff has the burden of proving, when the issue is properly raised, that:
> (1) The defendant has procured, initiated or continued the civil proceedings against him.
> (2) *The proceedings were terminated in his favor*.
> (3) The defendant did not have probable cause for his action.
> (4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.
> (5) The plaintiff has suffered damages as set forth in section 8353 (relating to damages).

42 Pa.C.S. §8354 (emphasis added).

Further, the Authority maintains that Condemnee's reading of Rule 208.3(b) of the Bucks County Rules of Civil Procedure, B.C.R.C.P. No. 208.3(b), is incorrect and does not require the Trial Court to dispose of a matter within 30 days. Authority's Br. at 14. And "[t]he remainder of Condemnee's [b]rief descends into unwarranted attacks both on the court and [the Authority's] . . . counsel and is, in great part, incoherent." *Id.* Thus, the Authority asserts that the Trial Court's Order should be affirmed.

### III. Discussion

Upon consideration of the parties' arguments, we agree with the Trial Court and the Authority that Condemnee has raised very few, if any, assertions relative to the underlying matter. Ultimately, we concur with the Trial Court's view that "the [Authority] had satisfied the requirements to effectuate a proper condemnation of the [Property]." R.R. at 89b. "Specifically, [the Authority] filed a [Declaration] on September 25, 2019 and properly notified the title owner of the [Property] on October 8, 2019." *Id.* In the Declaration, the Authority included (1) its name and principal location, (2) a statement that the power of eminent domain is granted to it by the URL, 35 P.S. §1712.1(a), (3) information that the Declaration was authorized by a specific resolution of the Authority enacted at a regularly scheduled meeting on September 20, 2019, (4) the purpose of the condemnation, (5) the location of the Property, (6) the title being acquired was fee simple and absolute, (7) information that a plan showing the Property may be inspected at the Authority's principal location, and (8) just compensation for the Property had been secured by the Authority's Bond, without surety, pursuant to the Code, and the Bond was also attached to the Declaration, *see* 26 Pa.C.S. §303. R.R. at 89b. As the Authority met

13

these requirements, we see no abuse of discretion by the Trial Court, and we see no error in the Trial Court's determination that the Authority satisfied the legal requirements to condemn the Property and that Condemnee did not make compelling arguments to the contrary in his preliminary objections. In addition, and to the extent Condemnee was, and is, arguing the Authority violated other laws, the Trial Court determined that, without a more specific statement, this argument was waived because it was left guessing the issues Condemnee raised on appeal. R.R. at 89b-90b. The same is true here. We will not guess at Condemnee's argument where it is unclear.

To the extent Condemnee now attempts to raise new issues, we agree that these are waived because they were not raised below. Further, we see no merit in Condemnee's allegations of inappropriate conduct by the Trial Court, or the Authority or its legal counsel, based solely on the claims raised by Condemnee. We further note that Condemnee misapprehends certain aspects of the law, such as his references to the wrongful use of civil proceedings and the disclosure of information in criminal proceedings, as well as his interpretation of the Bucks County Rules of Civil Procedure.

## IV. Conclusion

Based on the foregoing, it is apparent that the Trial Court correctly concluded the Authority proceeded with its condemnation of the Property in accordance with the law and that Condemnee failed in his challenge via his preliminary objections. Further, as our review is limited to determining whether there was an abuse of discretion or an error of law, and Condemnor has not

14

successfully demonstrated the same, we see no basis for disturbing the Trial Court's Order, other than to remove the direction to Condemnee to file an answer.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation of Land In : 
Morrisville Borough, Bucks County, : 
Pennsylvania Located at : 
22 Delaware Avenue : 
: No. 143 C.D. 2020
Tax Map Parcel No. 24-010-074 : 
: 
Appeal of: John Kliesh : 

**PER CURIAM**                **O R D E R**

       **AND NOW**, this 16th day of October 2020, the order of the Court of Common Pleas of Bucks County overruling the preliminary objections of John Kliesh to the Declaration of Taking filed by the Redevelopment Authority of the County of Bucks is **AFFIRMED as MODIFIED** in accordance with the foregoing opinion.